UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

JIM R. and DORA B. HUNTER, Case No. 08-14146 ja13

Debtors.

JIM R. and DORA B. HUNTER,

Plaintiffs,

v. Adv. No. 16-1022 t

DORA L. MADRID,
KELLEY L. SKEHEN, and
PETER A. KEYS,

Defendants.

# MEMORANDUM OPINION

Before the Court is Defendant Kelley Skehen's motion to dismiss all claims against her under the "*Barton* doctrine" and because she is granted immunity as the standing Chapter 13 Trustee. Based on the allegations in Plaintiffs' complaint and the relevant law, the Court agrees the Trustee is immune from this suit. The Court therefore will dismiss Plaintiffs' claims against the Trustee.

## I. PLAINTIFFS' ALLEGATIONS

For the limited purpose of ruling on the motion to dismiss, the Court accepts the following allegations as true:[1]

[1] In construing the complaint, the Court presents the allegations in the manner most favorable to Plaintiffs. *See Davis v. McCollum*, 798 F.3d 1317, 1319 n. 2 (10th Cir. 2015) (*Pro se* filings are to be construed liberally). Further, to better understand and construe the allegations, the Court took judicial notice of the relevant docket entries. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may *sua sponte* take judicial notice of its docket).

Plaintiffs filed a Chapter 13 case on December 4, 2008. They retained Defendant Peter Keys as counsel. Defendant Kelley Skehen is the standing Chapter 13 Trustee (the "Trustee") who administered Plaintiffs' bankruptcy case. Defendant Dora Madrid is the Treasurer of Luna County, New Mexico.

Plaintiffs filed a plan shortly after the case was filed, which the Court confirmed on March 26, 2009. The plan provided, inter alia, that Luna County's pre-petition property tax claim, would be paid in full by the Trustee from Plaintiffs' plan payments.

On July 30, 2010, Mr. Keys filed a $6,062.02 proof of claim on behalf of Luna County for pre-petition property taxes ("Claim 19"). A few months later Luna County filed a $4,263.09 proof of claim for post-petition property taxes ("Claim 20"). Plaintiffs objected to Claim 20 after they discovered that Luna County was applying the Trustee's payments to post-petition rather than pre-petition taxes. By a stipulated order entered May 18, 2011, the parties agreed that Luna County would apply all Trustee payments to pre-petition taxes, and that Plaintiffs would pay all post-petition property taxes directly, i.e., "outside the plan."

Between 2008 and 2013, Plaintiffs made all required plan payments. The Trustee paid Luna County $4,263.09 from the funds she received from Plaintiffs.

On April 17, 2013, the Trustee filed a notice that Plaintiffs had made all plan payments and otherwise complied with the plan. Plaintiffs filed a certification in support of discharge on April 22, 2013, and the discharge order was entered on May 24, 2013.

The Trustee filed a Final Report and Account on June 13, 2013, detailing her administration of the estate and the amount she paid on each claim. The Trustee reported she paid all claims in full, including Claim 19 - Luna County's pre-petition property tax claim. In fact, the Trustee only

paid Luna County $4,263.09 (the post-petition tax amount) instead of $6,061.02 (the pre-petition amount). Her report states in part:

| **Scheduled Creditors**: | | | | | |
|---|---|---|---|---|---|
| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid |
| Luna County Treasurer | Secured | 6,061.92 | 4,263.09 | 4,263.09 | 4,263.09 |

As a result, $1,798.93 in pre-petition taxes remained unpaid.

Plaintiffs allege the Trustee should have discovered the error when she received a letter from Mr. Keys dated May 17, 2012, in which he inquired about the unpaid balance of $1,798.93 on Claim 19. Since Luna County could not contact Plaintiffs directly while they were represented by counsel, Plaintiffs were unaware of the error. The bankruptcy was closed on June 17, 2013.

On January 27, 2016, in response to Plaintiffs' payment of 2014 or 2015 property taxes, Luna County told Plaintiffs they still owed $1,798.93 for pre-petition taxes, plus penalties and interest. Plaintiffs allege that but for the Trustee's error, all pre-petition taxes would have been paid through the plan.

## II. DISCUSSION

### A. Standard for Evaluating Motions to Dismiss.

1. Rule 12(b)(6) Governs the Immunity Issue. The Trustee seeks dismissal under Rule 12(b)(1)[2] (lack of subject matter jurisdiction). While this rule applies to the *Barton* doctrine argument, *see Satterfield v. Mallory*, 700 F.3d 1231, 1234 (10th Cir. 2012) ("[t]he *Barton* doctrine is jurisdictional in nature"), a motion to dismiss based on quasi-judicial immunity is typically evaluated under Rule 12(b)(6). *See Moss v. Kopp*, 559 F.3d 1155, 1170 (10th Cir. 2009); *Gregory v. U.S./U.S. Bankruptcy Court for the Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991). Because the Court's decision hinges on immunity rather than the *Barton* doctrine, the Court

[2] A "Rule" means the Federal Rules of Civil Procedure and a "Bankruptcy Rule" means the Federal Rules of Bankruptcy Procedure.

will treat the Trustee's motion as one brought under Rule 12(b)(6). *See Gossett v. Barnhart,* 2005 WL 1181154, * 1 (10th Cir. 2005) (where defendant moved to dismiss under Rule 12(b)(1) but his argument focused on statute of limitations, "we will treat the defendant's motion as a 12(b)(6) motion to dismiss as opposed to a 12(b)(1) motion to dismiss"); *Farmers Alliance Mut. Ins. Co. v. Federal Crop Ins. Corp.,* 2001 WL 30443, *1 n. 1 (D. Kan.) (when a motion to dismiss is brought under Rule 12(b)(1) but asserts grounds for relief under Rule 12(b)(6), courts may treat it as a motion under Rule 12(b)(6)).[3]

2. Rule 12(b)(6) Standards. Rule 12(b)(6), made applicable by Bankruptcy Rule 7012, allows the Court to dismiss a complaint for "failure to state a claim upon which relief can be granted." "The nature of a Rule 12(b)(6) motion tests the sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." *Mobley v. McCormick,* 40 F.3d 337, 340 (10th Cir. 1994). The sufficiency of a complaint is a question of law, and when considering and addressing a Rule 12(b)(6) motion, a court must accept as true all well-pleaded factual allegations in the complaint, view those allegations in the light most favorable to the non-moving party, and draw all reasonable inferences in the plaintiff's favor. *Genesee County Employees' Retirement System v. Thornburg Mortgage Securities Trust 2006-3*, 825 F. Supp. 2d 1082, 1120-21 (D.N.M. 2011), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). Legal conclusions cast in the form of factual allegations need not be taken as true for Rule 12(b)(6) purposes. *See Ashcroft v. Iqbal,* 556 U.S. 662 ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").

[3] *See also Gregory*, 942 F.2d at 1500 (sua sponte invocation of Rule 12(b)(6) was appropriate because it "appear[ed] beyond doubt" that based on the allegations in the complaint, the trustee was entitled to quasi-judicial immunity).

The plaintiff's allegations must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal citations omitted). *See also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) (claim has facial plausibility when the allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged).

When entertaining a motion to dismiss, a court is permitted "to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000), *abrogated on other grounds* by *McGregor v. Gibson*, 248 F.3d 946, 955 (10th Cir. 2001). A court may also consider any documents to which the complaint refers, provided the documents are central to the plaintiff's claim and the parties do not dispute their authenticity. *See Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941-942 (10th Cir. 2002).

B. Trustee Immunity.

The Trustee asserts Plaintiffs' claims against her are barred because she is entitled to quasi-judicial immunity. There is a large, somewhat inconsistent body of case law about whether, when, and to what extent bankruptcy trustees are immune from claims stemming from their estate administration. The Tenth Circuit law on trustee immunity is not a model of clarity, but gives adequate guidance in this instance.

1. Judicial and Quasi-Judicial Immunity. A trustee's immunity has roots in the immunity granted to judges. *Forrester v. White*, 484 U.S. 219, 225 (1987); *Stump v. Sparkman*, 435 U.S. 349 (1978). Judges are given a "sweeping form of immunity." *Forrester*, 484 U.S. at 225 (1987). "This absolute immunity insulates judges from charges of erroneous acts or irregular action, even when it is alleged that such action was driven by malicious or corrupt motives." *In re Castillo*, 297 F.3d 940, 947 (9th Cir. 2002) (quoting *Forrester*, 484 U.S. at 227-28). *See also*

*Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000) ("Judges are absolutely immune from civil liability for judicial acts, unless committed in the clear absence of all jurisdiction"). Judicial immunity is a creature of the common law, and can trace its roots back hundreds of years to English law precedents. *See* Block, *Stump v. Sparkman* and the History of Judicial Immunity, 1980 Duke L.J. 879; *Forrester*, 484 U.S. at 225 ("judicial immunity is a well settled doctrine of the English courts for many centuries, and has never been denied, that we are aware of, in the courts of this country").

Judicial immunity "has been extended to non-judicial officers where their duties had an integral relationship with the judicial process." *Whitesel*, 222 F.3d at 867 (quotations omitted). This is referred to as quasi-judicial immunity. Quasi-judicial immunity can extend to law clerks, military and naval officers, prosecutors, administrative law judges, agency officials, jurors, mediators, advocates, and witnesses. *Castillo*, 297 F.3d at 948. *See also Martinez v. Roth*, 53 F.3d 342 (10th Cir. 1995) (quasi-judicial immunity has been extended to a court-appointed psychologist, law clerks, probation officers, and mediators).

2. Quasi-Judicial Immunity for Bankruptcy Trustees. As mentioned above, application of the quasi-judicial immunity doctrine to suits against bankruptcy trustees varies a great deal. After reviewing the law, it is clear that two general rules apply in the Tenth Circuit. First, for all claims except those alleging breach of fiduciary duty, trustees have absolute quasi-judicial immunity from personal liability if they acted within the scope of their authority. Second, trustees have partial quasi-judicial immunity from personal liability for claims that they breached their fiduciary duties.

a. Non-Fiduciary Claims. For claims other than breach of fiduciary duty, trustees are generally immune from suit if they acted pursuant to statutory or court authority.

Some courts use a "judicial function" analysis, granting absolute quasi-judicial immunity for actions that are "judicial in nature and an integral part of the judicial process." *Castillo*, 297 F.3d at 951 (citing *Antoine v. Byers & Anderson, Inc.*, 508 U.S. 429, 433-434 (1993)). "Judicial function" immunity applies whether the claim is brought by a beneficiary or a third party. *Gregory v. U.S./U.S. Bankruptcy Court for the Dist. of Colorado*, 942 F.2d 1498, 1500 (10th Cir. 1991); *Whitesel*, 222 F.3d at 867; *Castillo*, 297 F.3d at 951-952. An example of a judicial function performed by a trustee is the scheduling and noticing of confirmation hearings. *Castillo*, 297 F.3d at 952. The trustee has absolute immunity for any mistakes made when discharging the judicial function, just as a judge would have absolute immunity for any mistakes in applying the law. *Id.*

Using essentially the same reasoning, other courts have extended quasi-judicial immunity to trustee actions taken within the "scope of their authority." *See In re J&S Properties, LLC*, 545 B.R. 91, 103 (Bankr. W.D. Pa. 2015) (collecting cases); *Carrillo v. Wieland*, 527 Fed. Appx. 754, 757 (10th Cir. 2013); *Barbee v. Price Waterhouse, LLP (In re Solar Fin. Servs.)*, 255 B.R. 801, 803 (Bankr. S.D. Fla. 2000); *Grant v. Florida Power Corp. (In re Markos Gurnee P'ship)*, 186 B.R. 526 (Bankr. M.D. Fla. 1995). "Scope" cases generally involve third parties, but the Tenth Circuit has applied the analysis to claims asserted by estate beneficiaries. *See, e.g., Carrillo*, 526 Fed. Appx. at 757; *Gregory*, 942 F.2d at 1499. The most common example of a trustee acting with the scope of her authority is when she carries out a "facially valid" court order. *See, e.g., Teton Millwork Sales v. Schlossberg*, 311 Fed. Appx. 145, 150 (10th Cir. 2009) ("a court-appointed received has absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge's orders"); *Valdez v. City & Cty. of Denver*, 878 F.2d 1285, 1288 (10th Cir. 1989) (a receiver was a court officer who shared the judge's immunity to the extent he carried out the orders of his appointing judge); *T&W Invest. Co. v. Kurtz*, 588 F.2d 801, 802 (10th Cir. 1978) (same).

If a trustee exceeds her authority, however, she may not be immune from a claim. *See In re J&S Properties*, 545 B.R. at 105 ("[a]s to . . . third party claims, it is generally agreed that a bankruptcy trustee may be sued in his or her individual capacity for wrongful actions which exceed the scope of his or her authority"); *Teton Millwork Sales*, 311 Fed. Appx at 151-152 (reversing the dismissal of claims against a court-appointed receiver where fact issues remained whether the receiver acted within the scope of his authority).

Thus, except for the breach of duty claims discussed below, so long as trustees act pursuant to their court-appointed function and authority, they will be immune from personal liability.

b. Breach of Fiduciary Duty Claims. Bankruptcy trustees are fiduciaries and owe estate beneficiaries the duties of loyalty and care.[4] *See generally* Bogart, "Liability of Directors of Chapter 11 Debtors in Possession; 'Don't Look Back, Something May be Gaining on You,'" 68 Am. Bankr. L.J. 155, 169-173 ("Bogart Article"). Case law in the Tenth Circuit and elsewhere recognizes that bankruptcy trustees have some level of immunity against claims that they breached their fiduciary duties, but the protection is not as broad as with other types of claims.

i. Duty of Loyalty. If a bankruptcy estate beneficiary alleges that a trustee breached her duty of loyalty (by, for example, self-dealing or improper self-enrichment), courts are in agreement that quasi-judicial immunity offers no protection. *See, e.g., Mosser v. Darrow*, 341 U.S. 267 (1951) (trustee can be liable for profits earned by his employees' self-dealing); *Stubb v. Estrada (In re San Juan Hotel Corp.)*, 71 B.R. 413 (D.P.R. 1987); *In re Lowry Graphics*, 86 B.R. 74, 79 (Bankr. S.D. Tex. 1988). Whether the trustee was acting within

[4] The third major fiduciary duty, the duty to treat beneficiaries impartially, *see, e.g., Withers v. Teachers' Retirement Sys.*, 447 F. Supp. 1248, 1257 (S.D.N.Y. 1978), has not been raised in relation to bankruptcy trustee immunity.

the scope of her authority is not relevant—if she breached her duty of loyalty, she is liable for damages.

ii. Duty of Care. If a bankruptcy estate beneficiary alleges the trustee breached her duty of care, on the other hand, the rules are different. The Tenth Circuit has held that bankruptcy trustees are immune from personal liability for claims that they were negligent in discharging their trustee duties.[5] *See Sherr v. Winkler,* 552 F.2d 1367, 1375 (10th Cir. 1977) ("a trustee in bankruptcy is not to be held personally liable unless he acts willfully and deliberately in violation of his fiduciary duties"); *In re Ebel*, 338 B.R. 862 (Bankr. D. Colo. 2005) (following *Sherr*).

The *Sherr* decision reflects the Tenth Circuit's interpretation of *Mosser v. Darrow*, 341 U.S. 267 (1951). In *Mosser*, the Supreme Court held that a trustee was liable to the trust estate for the profits earned by his employees, characterizing the trustee's actions as "a willful and deliberate setting up of an interest in employees adverse to that of the trust." 341 U.S. at 272. The Tenth Circuit interpreted *Mosser* as establishing the following rules of law:

> a trustee or receiver in bankruptcy is (a) not liable, in any manner, for mistake in judgment where discretion is allowed, (b) liable personally only for acts determined to be willful and deliberate in violation of his duties and (c) liable, in his official capacity, for acts of negligence.

*Sherr*, 552 F.2d at 1375.

*Sherr* has been criticized for misinterpreting *Mosser* and for applying fiduciary principles to a tort action by a third party. *See, e.g.,* Bogart Article, 68 Am. Bankr. L.J. at 210; Tiller, Personal Liability of Trustees and Receivers in Bankruptcy, 53 Am. Bankr. L. J. 75, 99–102 (Winter 1979); *In re Mailman Steam Carpet Cleaning*, 196 F.3d 1, 7 (1st Cir. 1999). Whatever *Sherr's* analytical weaknesses, it is binding precedent and articulates a reasonable immunity

[5] As used in this opinion, "negligence" means simple negligence, not gross negligence.

standard. Later Tenth Circuit decisions, although not citing *Sherr*, have applied quasi-judicial immunity in a manner at least as stringent as *Sherr*. *See, e.g., Carrillo v. Wieland,* 527 Fed. Appx. 754, 757 (10th Cir. 2013) (affirming dismissal under Rule 12(b)(6) because "judicial immunity has been specifically extended to apply to trustees in bankruptcy proceedings"); *In re Frontier Energy Resources, Inc.*, 7 F.3d 1044, *2 (10th Cir. 1993) (affirming dismissal of claim by a creditor whose property was allegedly sold by the bankruptcy trustee, stating that "the trustee is immune from suit in this situation"); *Gregory v. U.S. Bankruptcy Court for the Dist. of Colo.,* 942 F.2d 1498, 1500 (10th Cir.1991) (absolute immunity granted to trustee following facially valid judicial orders).

*Sherr* is also consistent with the majority rule in other circuits, which immunizes bankruptcy trustees against negligence claims. *See Yadkin Valley Bank & Trust Co. v. McGee,* 819 F.2d 74 (4th Cir. 1987); *Ford Motor Credit Corp. v. Weaver*, 680 F.2d 451 (6th Cir. 1982); *In re Chicago Pacific Corp.*, 773 F.2d 909, 915 (7th Cir. 1985) (dicta); *In re Continental Coin Corp.*, 380 B.R. 1, 11 (Bankr. C.D. Cal. 2007) (concluding that in the Ninth Circuit, a trustee is immune from personal liability for negligence).[6]

Finally, such a rule is consistent with public policy. Bankruptcy trustees might be unwilling to handle difficult cases if they could be sued by disgruntled creditors and debtors for alleged mistakes. *See, e.g., In re Continental Coin Corp.*, 380 B.R. 1, 6-8 (Bankr. C.D. Cal. 2007) (discussing why it is important to protect bankruptcy trustees from negligence claims of estate beneficiaries); Mark Ian Agee, *Personal Liability of Bankruptcy Trustees to the Estate and to Parties in Interest: a Comment*, 1987 Annual Survey of Bankruptcy Law 315 (arguing that bankruptcy trustees should not be held personally liable for negligence).

---

[6] *But see In re Kirchenbaum*, 766 F.2d 723 (2d Cir. 1985) (no immunity for negligent actions taken by the case trustee); *Red Carpet Corp. v. Miller*, 708 F.2d 1576, 1578 (11th Cir. 1983) (bankruptcy trustee is personally liable for negligence).

If bankruptcy trustees had no fiduciary duties, their quasi-judicial immunity would be absolute so long as they acted within the scope of their junction function/authority. Because they have fiduciary duties, however, the cloak of immunity for breach of duty claims is limited as described above.

The following table summarizes Tenth Circuit law on bankruptcy trustee quasi-judicial immunity:

| Type of Claim | Extent of Quasi-Judicial Immunity |
|---|---|
| | |
| Claims for damage other than breach of fiduciary duty claims | Absolute quasi-judicial immunity so long as the trustee acted within the scope of her authority or pursuant to a judicial function |
| Breach of fiduciary duty claims | No immunity against claims of breach of the duty of loyalty or of willful or deliberate breach of the duty of care; immunity against claims of negligent breach of the duty of care |

C. Application of Quasi-Judicial Immunity to Plaintiffs' Allegations.

Here, Plaintiffs allege the Trustee failed to pay $1,798.93 of their pre-petition property taxes. Although Plaintiffs use the term "gross incompetence" once in their complaint, they refer in various forms to an "error" ten or more times. The only fair reading of Plaintiffs' allegations is that the Trustee was negligent and breached her fiduciary duty of care by mistakenly underpaying the property tax claim. Accepting these allegations as true, the Court concludes the Trustee is immune from the claim under *Sherr* and other Tenth Circuit case law cited above. Dismissal of the claim against the Trustee therefore is required under the doctrine of quasi-judicial immunity.

D. The *Barton* Doctrine.

Having concluded Plaintiffs failed to state a claim upon which relief can be granted, the Court will not address whether dismissal is required under the *Barton* doctrine.

## III. CONCLUSION

Controlling Tenth Circuit law is clear that a bankruptcy trustee has immunity against negligence claims brought by estate beneficiaries. The Court therefore will grant the Trustee's motion to dismiss the claim against her. A separate order will be entered.

Hon. David T. Thuma
United States Bankruptcy Judge

Entered: July 8, 2016

Copies to:

Leslie Maxwell
500 Marquette NW, Ste. 650
Albuquerque, NM 87102

Jim Hunter & Dora Hunter
P.O. Box 2588
Deming, NM 88031

Dora L. Madrid
P.O. Box 1758
Deming, NM 88031

Peter Keys
401 East 21st St.
Silver City, NM 88061